

IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF NORTH CAROLINA
STATESVILLE DIVISION
5:05CV29-V-02

| | | |
|---|---|---|
| BARRY ALLEN GREGORY,<br>Petitioner, | )<br>)<br>) | |
| v. | ) | **ORDER** |
| | ) | |
| UNITED STATES OF AMERICA,<br>Respondent. | )<br>)<br>) | |

**THIS MATTER** comes before the Court on petitioner's pursuit Motion to Vacate, filed March 7, 2005. For the reasons stated herein, the instant Motion must be dismissed without prejudice.

A review of the Court's records reflects that in January 2000, the petitioner was convicted of conspiracy to possess with intent to distribute cocaine and marijuana, in violation of 21 U.S. C. §§841(a)(1) and 846. On that occasion, the Court sentenced the petitioner to a term of 125 months imprisonment.

In 2001, the petitioner won the right to directly appeal his conviction and sentence by virtue of his having succeeded on his claim of ineffective assistance of counsel under United States v. Peak, 992 F.2d 39 (4th Cir. 1993), as set forth in his 2001 Motion to Vacate. However, on September 14, 2001, the Fourth Circuit Court of Appeals summarily dismissed the petitioner's appeal.

Then, after the passage of more than three years, on

December 15, 2004, the petitioner filed a letter motion with this Court, reportedly seeking to have his sentence reduced under the U.S. Supreme Court's recent decision in <u>Blakely v. Washington</u>, 124 S.Ct. 2531 (2004). However, inasmuch as the Court noted that the petitioner's <u>habeas</u>-based request actually had to be construed as a motion to vacate, the Court wrote the petitioner and advised him of that fact. That is, the Court advised the petitioner that unless he objected, it would re-characterize his letter motion as a motion to vacate under 28 U.S.C. §2255.

The Court further advised the petitioner, however, that it appeared that such a motion to vacate might be subject to summary dismissal as time-barred in any event. Nevertheless, the Court gave the petitioner an opportunity to object to its recharacterization of his letter motion as a motion to vacate.

Not surprisingly, then, on January 13, 2005, the petitioner filed his Response, seeking permission to "withdraw" his letter motion." Accordingly, on February 4, 2005, the Court entered an Order dismissing the petitioner's letter motion in accordance with his request.

Now, the petitioner has filed the instant form Motion to Vacate under 28 U.S.C. §2255. However, inasmuch as it is clear to the Court that the petitioner's Motion to Vacate relates exclusively to his challenge of two State court convictions from 1984 and 1986, not to his federal conviction from 2000, the same

2

must be _dismissed_.

Indeed, the instant form Motion to Vacate identifies the convictions under attack as stemming from cases "84CR8848 -08-16-84" and "86CR7945 - 09-10-86," both of which reportedly were imposed by the Superior Court of Iredell County. Accordingly, because the petitioner is attempting to collaterally attack convictions which were entered in two separate State cases under the incorrect statute and in a single proceeding, the Court will _dismiss_ the instant case without prejudice.

In the event that the petitioner chooses to do so, he may re-file his challenges to his State court convictions in separate actions under 28 U.S.C. §2254. For his convenience, the petitioner may use the form Petitions which the Clerk will be directed to send to him along with this Order. Further, in the event that the petitioner does choose to re-file proper Petitions, he also must submit either the $5.00 filing fees which are required for each proceeding, or he can submit an IFP Application (along with a certified copy of his inmate trust account statement) explaining why he cannot afford to pay the subject fees.

Most critically, the Court will advise the petitioner that based upon the information which he has presented thus far, it appears that any Petitions which he may submit under 28 U.S.C. §2254 likely will be deemed time-barred. That is, as has already been noted, the petitioner is seeking to challenge convictions

which were imposed in State court in early August 1984 and mid September 1986. Furthermore, the materials which the petitioner has submitted fail to disclose that he sought direct appeals in either of those cases. Consequently, on these facts it would appear that the petitioner's convictions and sentences in his State cases became final no later than August 1984 and September 1986. If that is so, the petitioner had up to and including April 24, 1997 in which to file federal <u>Habeas</u> Petitions concerning those two cases.

Moreover, while the petitioner's Motion to Vacate actually does reflect that he initiated a round of collateral review for his State convictions, such review was not sought until in or about July 2004--more than seven years <u>after</u> his April 1997 limitations period already had expired. Therefore, should the petitioner decide to re-file his challenges to his State court convictions and/or sentences under the proper statutory provision, he must also submit to this Court a statement explaining why he believes such Petitions should be deemed timely filed.

**NOW, THEREFORE, IT IS HEREBY ORDERED THAT:**

1. The petitioner's Motion to Vacate his State court convictions and sentences will be **DISMISSED without prejudice.**

2. The Clerk shall send two <u>Habeas Corpus</u> Petition forms to the petitioner. In the event that he chooses to re-file his challenges to his State court convictions and/or sentences, the

petitioner may use the two forms to submit such challenges.

3. If the petitioner elects to re-file his cases, he must remit the $5.00 filing fee for each case. In the alternative, the petitioner may submit an Application to proceed <u>in forma pauperis</u> with those matters.

4. Any such <u>Habeas Corpus</u> Petition which the petitioner submits to this Court must be accompanied by a statement explaining why he believes such Petition(s) should be construed as timely filed.

**SO ORDERED**, this the 28th day of March, 2005.

RICHARD L. VOORHEES
**United States District Judge**

United States District Court
for the
Western District of North Carolina
April 28, 2005

abb

* * MAILING CERTIFICATE OF CLERK * *

Re: 5:05-cv-00029

True and correct copies of the attached were mailed by the clerk to the following:

    Barry Allen Gregory
    FPC Seymour Johnson
    Legal Mail
    #14790-058
    Caller Box 8004
    Goldsboro, NC 27533-8004

    Robert J. Higdon Jr., Esq.
    U.S. Attorney's Office
    227 W. Trade St.
    1700 Carillon
    Charlotte, NC 28202

cc:
Judge ( )
Magistrate Judge ( )
U.S. Marshal ( )
Probation ( )
U.S. Attorney (✓)
Atty. for Deft. ( )
Defendant ( )
Warden ( )
Bureau of Prisons ( )
Court Reporter ( )
Courtroom Deputy ( )
Orig-Security ( )
Bankruptcy Clerk's Ofc. ( )
Other_____ ( )

Date: 4-28-05

Frank G. Johns, Clerk
By: _____
    Deputy Clerk